Scileppi, J. (dissenting).
I dissent and would modify to the extent of remanding for a hearing to determine whether, in fact, any of the jurors saw the calendar and understood that this defendant was charged with a crime other than the one for which he was on trial. In the absence of such findings, a new trial, based solely on the statements made by the defendant and one of his witnesses, is entirely unwarranted. Moreover, I cannot agree with the majority’s position that part of the impro *310 priety herein was the Trial Judge’s failure to give some kind of limiting instruction. At the time the question was raised, the Judge was no more sure than we are at this time that any of the jurors had actually seen the calendar. Without such knowledge, it would have been error for the Judge to give an instruction to the jury which might have brought to their attention prejudicial matter about which they had no previous knowledge.
It is, therefore, my view that the only error committed by the Trial Judge was not in failing to give a limiting instruction, but rather in failing to make any inquiry at all. To correct this error it is unnecessary to reverse and grant a new trial on the assumption of prejudice when a hearing might reveal that none of the jurors actually observed the calendar or comprehended its meaning (see People v. De Lucia, 20 N Y 2d 275).
Finally, I cannot agree with the majority’s suggestion that Be Lucia is distinguishable from the instant case because there the problem wasn’t discovered until after the trial. In Be Lucia a majority of this court determined that a new trial was not required unless it was found that the unauthorized jury view actually took place. Similarly,, in the instant case a new trial should not be held until it is determined that the jurors actually saw the calendar and understood its meaning. To say that in the case at bar a new trial is required at this time, because the problem was raised at the trial, is tantamount to saying that every trial error is reason enough to overturn a judgment of conviction. It has always been my understanding, however, that a new trial is mandated only when it is established that the error complained of prejudiced the defendant (Code Grim. Pro., § 542).
Accordingly, it being impossible to determine on the record before us whether the jurors actually saw the calendar and understood its import, a new trial is unwarranted at this time.
Judges Burke, Bergan and Gibson concur with Chief Judge Fuld; Judge Soileppi dissents and votes to modify in a separate opinion in which Judges Breitel and Jasen concur.
Judgment reversed, etc.